# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

MARIO WILLIAMS,

    Plaintiff,

v.

No. CIV 13-015-RAW-SPS

TIM WILKINSON, et al.,

    Defendants.

## OPINION AND ORDER

This action is before the court on Defendant Debbie Morton's motion to dismiss or for summary judgment. The court has before it for consideration plaintiff's complaint (Docket No. 1), Defendant Morton's motion (Docket No. 20), and plaintiff's response (Docket No. 28).

Plaintiff, an inmate in the custody of the Oklahoma Department of Corrections (DOC) who is incarcerated at Cimarron Correctional Facility in Cushing, Oklahoma, brings this action under the authority of 42 U.S.C. § 1983, seeking relief for alleged constitutional violations during his incarceration at Davis Correctional Center (DCF) in Holdenville, Oklahoma. The defendants are Debbie Morton, Director's Designee for the DOC Administrative Review Authority (ARA), and the following DCF officials: Warden Tim Wilkinson, Medical Administrator Kathy Miller, Grievance Coordinator Terry Underwood, Nurse Angela Brannon, Case Manager Lewis, and Correctional Officer Kidwell.[1]

**Standard of Review**

To survive a motion to dismiss, a complaint must set forth factual allegations

---

[1] To the extent Defendant Morton is sued in her official capacity as a DOC official, plaintiff's claims are barred by the Eleventh Amendment. It is well settled that a damages suit against a state official in his official capacity is merely another way of pleading an action against the State. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). *See also Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1988) (state officials sued in their official capacities are not "persons" for purposes of a § 1983 suit, because the suit is against the official's office and not against the official).

sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff need not detail factual allegations in the complaint, but must provide the grounds of entitlement to relief, which entails more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. When considering a motion to dismiss, courts look to the complaint and those documents attached to or referred to in the complaint, accept as true all allegations contained in the complaint, and draw all reasonable inferences from the pleading in favor of the pleader. *Pace v. Swerdlow*, 519 F.3d 1067, 1073 (10th Cir. 2008); *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007). A court, however, is not bound to accept as true a plaintiff's legal assertions. *Iqbal*, 556 U.S. at 678.

Although the court is required to exercise a liberal interpretation of plaintiff's pleadings, *Haines v. Kerner*, 404 U.S. 519 (1972), the court need not assume the role of advocate for plaintiff, and he must present more than conclusory allegations to survive a motion to dismiss for failure to state a claim, *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Id.* (citing cases). "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Id.* With these standards in mind, the court turns to the merits of Defendant Morton's motion.

Plaintiff claims Defendant Morton denied him due process by failing to grant an ARA appeal of his misconduct convictions, and she improperly returned his grievance appeal unanswered. "[A] denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (citations omitted). Defendant Morton further alleges that plaintiff has failed to show that she personally

participated in a denial of his right to procedural due process or any other violation of his federal rights.

"Personal participation is an essential allegation in a § 1983 claim." *Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (citations omitted). *See also Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996). Supervisory status is not sufficient to support liability under § 1983. *Id. See also Polk County v. Dodson*, 454 U.S. 312, 325 (1981).

The court finds that plaintiff's conclusory allegations against Defendant Morton are not sufficient to establish a constitutional violation or an affirmative link between Morton's actions and any such violation. Procedural due process does not require that inmates have a right to appeal a misconduct conviction arising from a prison disciplinary hearing. *See Wolff v. McDonell*, 418 U.S. 539, 564-66 (1994). Therefore, plaintiff has failed to state a claim against Defendant Morton.

**ACCORDINGLY,** Defendant Debbie Morton's motion to dismiss (Docket No. 20) is GRANTED.

**IT IS SO ORDERED** this 18th day of March 2014.

_____
**RONALD A. WHITE
UNITED STATES DISTRICT JUDGE**